IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES GONZALEZ COFFIE, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-24-2837 |
| WARDEN, *FCI Cumberland*, et al., | * | |
| Respondents. | * | |

## MEMORANDUM OPINION

James Eric Coffie Gonzalez, a federal inmate representing himself, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that he was unlawfully denied early release after completing the Federal Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP").[1] The respondents, BOP and the warden of Federal Correctional Institution Cumberland ("FCI Cumberland"), filed a response to the petition and a motion to dismiss or, in the alternative, for summary judgment. Coffie Gonzalez opposed the motion and then requested leave to supplement his petition. Having reviewed the petition, the motion, and related filings, the Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025); *cf.* Rule 8(a), *Rules Governing*

---

[1] In his petition, Coffie Gonzalez lists his name as "James Gonzalez Coffie." ECF 1. When mail addressed to "James Gonzalez Coffie" was returned as undeliverable, ECF 3, the mail was resent using the name James Coffie Gonzalez, which appears in the BOP's inmate locator. *See Inmate Locator*, BOP, https://www.bop.gov/inmateloc/ (last visited Sept. 9, 2025). That mail was not returned. Additionally, Coffie Gonzalez has listed his name as "James Eric Coffie Gonzalez" in subsequent filings. ECF 8, 10. As such, the Clerk is directed to amend the docket to reflect the petitioner's name as James Eric Coffie Gonzalez.

*§ 2254 Cases in the U.S. Dist. Cts*. For the reasons below, the respondents' motion, treated as a motion to dismiss, is granted. The petition is dismissed with prejudice.

### I.     Background

**A.  BOP Appeals**

In September 2023, the United States District Court for the Eastern District of New York sentenced Coffie Gonzalez to a term of imprisonment for conspiracy to distribute and possess with intent to distribute cocaine. ECF 1, at 1–2. He received a two-point sentence enhancement for possessing a weapon. *Id.* at 9. Convicted of a drug offense, Coffie Gonzalez entered RDAP, a program that, if successfully completed, provides early release to eligible prisoners. *Id.*; *see* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing [RDAP] may be reduced by [BOP], but such reduction may not be more than one year . . . ."). Though unclear exactly when, Coffie Gonzalez successfully completed RDAP. *See* ECF 1, at 9 (implying Coffie Gonzalez had finished RDAP). Coffie Gonzalez was told that, although he had not been convicted of a violent offense, he "would not be eligible to receive a reduction of sentence as outlined in" 18 U.S.C. § 3621(e)(2)(B) because of his sentence enhancement for possession of a weapon. *Id.*

Coffie Gonzalez challenged this decision through the administrative process. On August 27, 2024, Coffie Gonzalez filed an attempt at informal resolution with the drug-abuse program coordinator, arguing that he was a non-violent offender who had completed RDAP and was "entitled to a reduction of sentence." ECF 1-2, at 2. The same day, the program coordinator reviewed Coffie Gonzalez's informal resolution attempt. *Id.* The program coordinator noted that "there ha[d] been no change to the policy [for] 3621e early release w[ith] RDAP." *Id.* She marked his issue as "[u]nresolved" and granted no relief. *Id.* The next day, August 28, 2024, Coffie

Gonzalez, in a request for an administrative remedy, appealed the program coordinator's decision to the warden, one of the respondents here. ECF 1-3, at 2. Coffie Gonzalez claimed that he "should not be denied early release reduction of sentence . . . since [he] [is] not [a] violent offender." *Id.* "The BOP cannot turn a non-violent offense into a violent offense simply by the application of a sentence enhancement," he reasoned. *Id.*

About two weeks later, on September 13, 2024, the warden denied Coffie Gonzalez's appeal. ECF 1-4, at 2. The warden found that Coffie Gonzalez remained ineligible for early release because his "current offense conviction 'involved the carrying, possession, or use of a firearm or other dangerous weapon,'" which "by its nature . . . present[ed] a serious potential risk of physical force." *Id.* (quoting 28 C.F.R. § 550.55(b)(5)(ii)–(iii)).

On September 26, 2024, Coffie Gonzalez filed a Regional Administrative Remedy Appeal with the BOP regional director, stating that he "should not be denied early release" because "[t]he BOP cannot turn a non-violent offense into a violent offense simply by the application of a sentence enhancement." ECF 1-6, at 2. The regional director denied Coffie Gonzalez's appeal on October 23, 2024. ECF 10-2, at 2.

On October 29, 2024, Coffie Gonzalez filed a Central Office Administrative Remedy Appeal with BOP regarding the denial of early release, arguing that "[t]aking into account sentencing enhancements exceeds the authority given the BOP by Congress." ECF 10-2, at 2.

Within two months, on December 20, 2024, BOP's Central Office denied Coffie Gonzalez's appeal. *Id.* at 3.

### B. Habeas Petition

On September 30, 2024, before he had exhausted the BOP appeals process, Coffie Gonzalez filed a petition for a writ of habeas corpus with this Court. ECF 1. In the petition, Coffie

3

Gonzalez argues that the BOP regulation violates "administrative law under the APA" because BOP exceeded its authority by "taking into account impermissible factors such as a sentence enhancement . . . to deny early release." *Id.* at 14. Coffie Gonzalez asserts that, after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Court must "exercise [its] independent judgment in deciding whether an agency has acted within their statutory authority, and . . . not defer to an agency interpretation of law simply because a statute is ambiguous." *Id.* at 13. By his reasoning, the Court should not defer to BOP's decision that he committed a violent offense. *Id.* at 13–14. Instead, it should find that "inmates convicted of non-violent drug offenses and who received an enhancement for possession of a firearm" are not "categorically ineligible to receive a one year sentence reduction" after completing RDAP. *Id.* at 14.

The respondents moved to dismiss the petition or, in the alternative, for summary judgment. ECF 7. The respondents argue that (1) BOP is an improper party; (2) Coffie Gonzalez failed to exhaust administrative remedies; (3) 18 U.S.C. § 3625 precludes judicial review of BOP's denial of early release; (4) Coffie Gonzalez does not have a constitutionally protected liberty interest in early release cognizable under § 2241; and (5) on the merits, BOP's denial of early release to Coffie Gonzalez is consistent with applicable authority. *Id.* at 3. Coffie Gonzalez opposed the respondents' motion. ECF 8. Coffie Gonzalez acknowledges that he had not exhausted his administrative remedies before filing his petition. *See* ECF 1, at 7; ECF 8, at 3. But in February 2025, less than five months after he filed the petition, Coffie Gonzalez moved for leave to

4

supplement his petition with proof that he exhausted his administrative remedies on December 20, 2024. *See* ECF 10-2, at 3.

## II.     Standard of Review

"The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied" to habeas corpus proceedings. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases in the U.S. Dist. Cts.* (stating that § 2254 rules apply to habeas corpus petitions filed under provisions other than § 2254).

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted

inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The Court considers the complaint "in its entirety." *KBC Asset Mgmt. NV v. DXC Tech. Co.*, 19 F.4th 601, 607 (4th Cir. 2021) (quoting *Singer v. Reali*, 883 F.3d 425, 437 (4th Cir. 2018)). The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the

complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

### III. Discussion

#### A. Proper Respondents Under 28 U.S.C. § 2241

As the respondents correctly point out, "[t]he only proper respondent in a § 2241 proceeding is the petitioner's custodian." ECF 7, at 10. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242). Coffie Gonzalez's custodian is the warden of FCI Cumberland. Even though Coffie Gonzalez does not identify the warden by name, the warden is the only proper respondent in this case. BOP is not a proper respondent. On this ground, the Court dismisses the petition as to BOP.

#### B. Exhaustion of Administrative Remedies

A federal prisoner seeking habeas review under 28 U.S.C. § 2241 must exhaust their available administrative remedies before they file their petition. *See Robinson v. Thomas*, 855 F.3d 278, 283 (4th Cir. 2017). Exhaustion of such remedies begins when a prisoner "present[s] an issue of concern informally to [BOP] staff." 28 C.F.R. § 542.13. If BOP staff does not "informally resolve the issue,"—that is, if staff denies relief—the prisoner "submits a Request for Administrative Remedy" to his custodian, the prison warden. *Id.* The prisoner must do so within "20 calendar days following the date on which the basis for the Request occurred." *Id.* § 542.14. If the warden denies the request, the prisoner has 20 more days to appeal to the appropriate BOP regional director. *Id.* § 542.15. If the director denies relief, the prisoner, within 30 days, must

7

appeal to BOP general counsel. *Id.* When the general counsel denies relief, the prisoner has exhausted his available administrative remedies. *See id.*

Exhaustion of administrative remedies for a § 2241 petition is not jurisdictional. *Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004); *accord Timms v. U.S. Att'y Gen.*, 93 F.4th 187, 192 n.9 (4th Cir. 2024) (noting in dicta that *Dragenice*, 389 F.3d at 98, "recogniz[ed] that the exhaustion rule requiring dismissal is not jurisdictional"); *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004) (describing the exhaustion requirement as applied to § 2241 as "prudential"). Accordingly, "even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)).

The respondents argue that Coffie Gonzalez failed to exhaust his administrative remedies before filing his petition, and for that reason, they move to dismiss. ECF 7, at 11–14. Coffie Gonzalez conceded in his petition that he did not exhaust his administrative remedies. *See* ECF 1, at 7. He believed that doing so before filing would have been futile. *See id.* Five months after filing his petition, however, Coffie Gonzalez did exhaust his administrative remedies. *See* ECF 10-2, at 3 (BOP Central Office denying Coffie Gonzalez's appeal on December 20, 2024).

The Court need not decide whether Coffie Gonzalez has properly exhausted his administrative remedies because his petition fails on the merits and must be dismissed.

### C. Facial Challenge to BOP Regulation

Congress has delegated authority to BOP to implement drug-abuse treatment programs such as RDAP. 18 U.S.C. § 3621(e). As an "[i]ncentive for prisoners' successful completion of [a] treatment program," Congress authorized BOP to reduce by up to one year "[t]he period a prisoner

8

convicted of a nonviolent offense remains in custody after successfully completing a treatment program." 18 U.S.C. § 3621(e)(2)(B); *see also Pelissero v. Thompson*, 170 F.2d 442, 444 (4th Cir. 1999); *Lopez v. Davis*, 531 U.S. 230, 233 (2001).

Years ago, BOP promulgated criteria for determining whether a prisoner is eligible for a sentence reduction under § 3621(e)(2)(B). *See* 28 C.F.R. § 550.55. One of those criteria—the one applicable here—states that a prisoner is "not eligible for early release" if they have "a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm." *Id.* § 550.55(b)(5)(ii).

Coffie Gonzalez asserts a facial challenge to this BOP regulation, § 550.55(b)(5)(ii). A facial challenge presents the issue of "whether the regulation *on its face* is invalid as inconsistent with the [agency's] *statutory* authority," that is, that it was promulgated "without statutory authority." *I.N.S. v. Nat'l Ctr. for Immigrants' Rts., Inc.*, 502 U.S. 183, 188 (1991); *see Bondi v. VanDerStok*, 145 S. Ct. 857, 865–66 (2025) ("tak[ing] it as a given for . . . purposes" of the case before the Court that, on a facial challenge, "[the plaintiffs'] burden is to show that the Rule itself is inconsistent with the statute on its face" (quoting Pet'rs Br. (quoting *INS*, 502 U.S. at 188))). A § 2241 petitioner may assert a facial challenge to a BOP regulation. *See, e.g.*, *Handley v. Chapman*, 587 F.3d 273 (5th Cir. 2009) (§ 2241 petitioner asserting facial challenge to 28 C.F.R. § 550.55). As Coffie Gonzalez sees it, the BOP regulation violates "administrative law under the APA" because BOP "has abused its discretion and exceeded it's [sic] statutory authority by taking into account impermissible factors such as a sentence enhancement . . . to deny early release under 3621(e)(2)(B)." ECF 1, at 14. Thus, Coffie Gonzalez alleges that he is "in custody in violation of"

9

the APA because the BOP regulation under which he was denied early release exceeds BOP's authority. *See* 28 U.S.C. § 2241(c)(3).[2]

Section 702 of the APA states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA directs courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). To determine whether an agency action is "not in accordance with law," the reviewing court must "decide all relevant questions of law" and "interpret constitutional and statutory provisions." *Perez v. Cuccinelli*, 949 F.3d 865, 872 (4th Cir. 2020) (quoting 5 U.S.C. § 706).

The Supreme Court in *Lopez v. Davis*, 531 U.S. 230 (2001), interpreted the statute, 18 U.S.C. § 3621(e)(2)(B), and the regulation, 28 C.F.R. § 550.55(b)(5)(ii), that Coffie Gonzalez challenges here.[3] The question in *Lopez*—which is the same question here—was "whether [BOP]

---

[2] To the extent that Coffie Gonzalez also has asserted a facial challenge to the regulation because it violates the Due Process Clause, that claim fails. To satisfy a due process claim, the petitioner must allege that government action has deprived them of a protected liberty or property interest under the Fifth Amendment. *See, e.g.*, *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Identification of a protected liberty interest is thus required to state a procedural or substantive due process claim. *See Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (protected liberty interest required for procedural due process claim); *Tri Cnty. Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 440 (4th Cir. 2002) (same for substantive due process claim). A protected liberty interest must be one to which a person has a "legitimate claim of entitlement." *Greenholtz*, 442 U.S. at 7. But "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* Accordingly, there is no protected liberty interest in a sentence reduction for completion of the RDAP program. *See, e.g.*, *Peck v. Thomas*, 697 F.3d 767, 774 (9th Cir. 2012)*; Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007). Thus, if Coffie Gonzalez were attempting to assert a facial challenge to the BOP regulation because the regulation violates due process, his claim is meritless.

[3] At the time, the regulation was codified at 28 C.F.R. § 550.58(a)(1)(vi).

10

has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." *Id.* at 238. The Supreme Court held that it did.

The facts in *Lopez* are substantially similar to the facts here. After being convicted of possession with intent to distribute methamphetamine, Lopez received a two-level sentence enhancement for possessing a firearm in connection with his offense. *Id.* at 236. When Lopez requested to participate in RDAP, BOP told him he was qualified for the program but categorically ineligible for early release because his offense of conviction involved the possession of a firearm. *Id.* Lopez filed a habeas petition under 28 U.S.C. § 2241, challenging BOP's decision that he was ineligible for early release. *Id.*

The question before the Supreme Court was whether the BOP regulation, 28 C.F.R. § 550.55(b)(5)(ii), was valid. *Id.* at 233. The Supreme Court first determined that the regulation "categorically denies early release to prisoners whose current offense is a felony attended by the carrying, possession, or use of a firearm." *Id.* at 232–33. The Court then considered the statute that the regulation implemented, 18 U.S.C. § 3621(e)(2)(B). The statute provides that a prisoner's sentence "may be reduced by the Bureau of Prisons" if the prisoner satisfies two prerequisites: (1) conviction of a nonviolent offense; and (2) successful completion of a treatment program. *Id.* at 239–40. As Lopez read the statute, the identification of those two prerequisites precluded BOP "from identifying further categories of ineligible inmates." *Id.* at 239. Because Lopez satisfied the first prerequisite, he argued that BOP was required to reduce his sentence if he completed RDAP. BOP read the statute differently. In its view, BOP did not have to grant Lopez early release, even though he had satisfied the two statutory prerequisites, because the statute gave BOP the discretion not to grant a sentence reduction. *Id.* As BOP read the statute, it "'may,' but also may *not*, grant early release." *Id.* In the BOP regulation implementing this discretion, BOP imposed additional

11

criteria for a sentence reduction, including that a prisoner is ineligible for early release if their felony conviction involved the possession of a firearm. 28 C.F.R. § 550.55(b)(5)(ii). The Court agreed with BOP that this additional restriction on eligibility for early release was permissible.

First, the Court held that "[s]ensibly read," the word "may" in § 3621(e)(2)(B) shows a "grant of discretion in § 3621(e)(2)(B) [for BOP] to decide whether to reduce a sentence." *Id.* at 241. The statute means that "[w]hen an eligible prisoner successfully completes drug treatment, [BOP] thus has the authority, but not the duty, . . . to reduce [a prisoner's] term of imprisonment." *Id.* The Court further held that, in exercising its discretion to decide whether to reduce a sentence, BOP "may consider aspects of the conduct of conviction" to categorically exclude prisoners from early release eligibility. *Id.* at 243. Finally, the Court held that the regulation, 28 C.F.R. § 550.55(b)(5)(ii), was permissible because BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244.

Coffie Gonzalez acknowledges *Lopez* forecloses his APA claim, but he insists that the Supreme Court's recent decision in *Loper Bright* changes the legal landscape. In his view, under *Loper Bright*, this Court no longer can defer to BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B), as the Supreme Court did in *Lopez*. Coffie Gonzalez is mistaken.

*Loper Bright* "instruct[s] that courts—and not agencies, such as [BOP]—resolve statutory ambiguities 'by exercising independent legal judgment.'" *Chavez v. Bondi*, 134 F.4th 207, 212 (4th Cir. 2025) (quoting *Loper Bright*, 603 U.S. at 401). But, here, the statute is not ambiguous. It unambiguously confers BOP with discretion to reduce a prisoner's sentence: "The period a prisoner . . . remains in custody after successfully completing a treatment program *may* be reduced

12

by [BOP]." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the Supreme Court in *Loper Bright* acknowledged, "the statute's meaning may well be that the agency is authorized to exercise a degree of discretion." 603 U.S. at 394. That is the case here. BOP had "the authority, but not the duty" to reduce Coffie Gonzalez's sentence. *Lopez*, 531 U.S. at 241.

Even if § 3621(e)(2)(B) were ambiguous, the outcome remains the same. "*Loper Bright* doesn't wipe away the results of . . . prior decisions deferring to [an agency's] reasonable interpretations" of ambiguous statutes. *Chavez*, 134 F.4th at 213. *Lopez* relied on the framework articulated in *Chevron*, under which courts were required to defer to an agency's interpretation when the agency filled a statutory gap "in a way that [was] reasonable in light of the legislature's revealed design." 531 U.S. at 242 (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 257 (1995)); *see also Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984). Although *Loper Bright* overruled *Chevron*, it did "not call into question prior cases that relied on the *Chevron* framework." 603 U.S. at 412. *Loper Bright* clarified that "[t]he holdings of those cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite [the] change in interpretive methodology." *Id.*

Since *Loper Bright*, the Fourth Circuit has opined on its impact on precedent that relied on the *Chevron* framework. In *Chavez*, the Fourth Circuit held that binding cases relying on the *Chevron* framework "are still subject to statutory stare decisis." 134 F.4th at 213 (quoting *Loper Bright*, 603 U.S. at 412). More recently, the Fourth Circuit in *Ozurumba v. Bondi*, ___ F.4th ___, 2025 WL 2501923, at *8–9 (4th Cir. Sept. 2, 2025), declined to address whether statutory interpretations relying on the *Chevron* framework are binding on everyone or only as to the parties to a particular case. This language from *Ozurumba* is dicta. So this Court follows the Fourth Circuit's holding in *Chavez* that prior binding decisions that interpreted statutes and regulations

13

under the *Chevron* framework "are still subject to statutory stare decisis." 134 F.4th at 213 (quoting *Loper Bright*, 603 U.S. at 412); *see Guardado v. Bondi*, 147 F.4th 432, 437 n.2 (4th Cir. 2025) (same). Even though *Lopez* relied on the *Chevron* framework, it remains binding precedent, and the Court follows it.[4]

Applying *Lopez* here, the Court finds that Coffie Gonzalez's facial challenge under the APA to the BOP regulation fails. The Supreme Court in *Lopez* held that BOP's interpretation of § 3621(e)(2)(B) was "reasonable," because the statute's language means "the Bureau has the authority, but not the duty" to reduce an eligible prisoner's sentence. 531 U.S. at 241–42. The Court held that BOP's implementing regulation, 28 C.F.R. § 550.55(b)(5)(ii), was "a permissible exercise of the Bureau's discretion" under § 3621(e)(2)(B), reasoning that "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." *Id.* at 233, 243. Among the acceptable considerations is that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. The Supreme Court's decision in *Lopez* remains the law. Thus, Coffie Gonzalez has not established that 28 C.F.R. § 550.55(b)(5)(ii) is contrary to law or an abuse of discretion. His APA facial challenge to the BOP regulation fails.

### D. As-Applied Challenge to BOP Regulation

Applying 28 C.F.R. § 550.55(b)(5)(ii), BOP denied Coffie Gonzalez a reduction in his sentence because he had received an enhancement for possession of a firearm at sentencing.

---

[4] Other district courts presented with facial challenges to the BOP regulation after *Loper Bright* likewise have continued to follow *Lopez*. *See, e.g.*, *Skanes v. Carter*, No. MJM-24-570, 2025 WL 754335, at *5 (D. Md. Mar. 10, 2025); *Lowmaster v. Dir., Bureau of Prisons*, No. 24-3178-JWL, 2024 WL 5135970, at *3 (D. Kan. Dec. 17, 2024); *Whited v. Warden, FCI Elkton*, No. 4:25 CV 368, 2025 WL 2161604, at *3 (N.D. Ohio July 30, 2025).

14

According to BOP, the sentencing enhancement for a firearm rendered Coffie Gonzalez ineligible for a reduction in his sentence even though he completed the RDAP program. In his petition, Coffie Gonzalez appears to seek judicial review over BOP's decision. ECF 1, at 14. Yet in his opposition, he insists he is not. ECF 10-1, at 2. Regardless, the Court does not have the authority to review BOP's decision.

18 U.S.C. § 3625 states that the judicial review provisions of the APA, §§ 701–706, do not apply to "any determination, decision, or order" made under 18 U.S.C. § 3621. As outlined above, § 3621 delegates authority to BOP to reduce a prisoner's sentence by up to one year after successful completion of a drug-abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). Pursuant to that statutory authority, BOP declined to reduce Coffie Gonzalez's sentence after he completed RDAP. That discretionary decision is not subject to judicial review under the APA. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that BOP's decision "to grant or deny a sentence reduction for completion of the program[ ] is not reviewable by the district court"); *see also Wilborn v. Mansukhani*, 795 F. App'x 157, 165 (4th Cir. 2019) ("Decisions made under the BOP's authority under § 3621 . . . cannot be challenged under the Administrative Procedure Act."). Insofar as Coffie Gonzalez seeks judicial review over BOP's decision to deny him a sentence reduction, his petition must be dismissed.

**IV.    Conclusion**

For the reasons set forth above, the Court grants the respondents' motion to dismiss, ECF 7. Coffie Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF 1, is

dismissed with prejudice. Coffie Gonzalez's request to supplement his petition, ECF 10, is denied as moot. A separate order follows.

September 22, 2025  
Date

_____  
Deborah L. Boardman  
United States District Judge